IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROY J. G., | : |
| **Plaintiff,** | : |
| v. | : Case No. 2:21-cv-05685 |
| | : Chief Judge Algenon L. Marbley |
| COMMISSIONER OF SOCIAL SECURITY, | : Magistrate Judge Chelsey M. Vascura |
| **Defendant.** | : |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Objection (ECF No. 16) to the Magistrate Judge's June 7, 2022, Report and Recommendation (ECF No. 15). Upon independent review and for the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **AFFIRMS** the Commissioner's determination. Plaintiff's Objection is **OVERRULED**.

### I.    BACKGROUND[1]

Plaintiff Roy J. G.[2] first filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in 2016, alleging that he had been disabled since November 30, 2014. (R. 170–90). Both applications were denied by Administrative Law Judge ("ALJ") Timothy Gates on August 22, 2018. Plaintiff did not seek judicial review of that unfavorable decision. Four months later, Plaintiff again filed applications for DBI and SSI. (R. 267–73, 274–79). Plaintiff's applications were denied. (R. 110–21, 122–33; *see also* R. 136–51, 152–67 (denial

---

[1] Plaintiff does not dispute the Magistrate Judge's findings of fact in the Report and Recommendation, which the Court relies on here. (*See* R. & R. at 1–2, ECF No. 15).

[2] Pursuant to this Court's General Order 22-01, plaintiffs in Social Security cases are referred to only by their first names and last initials.

on reconsideration)). ALJ Jennifer Smiley held a telephonic hearing with Plaintiff on July 14, 2020, during which she explained that he had the right to an attorney or qualified representative; Plaintiff expressed his desire to proceed without representation. (R. 81–109). After the hearing, ALJ Smiley issued a non-disability determination on October 21, 2020. (R. 57–80).

In her decision, ALJ Smiley followed the five-step sequential evaluation of evidence mandated by Social Security regulations.[3] She found that: (1) Plaintiff had not engaged in substantial gainful activity since August 23, 2018; (2) had severe physical and mental impairments; but (3) these impairments did not, individually or collectively, meet the severity of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 63–64). At step four, ALJ Smiley determined that Plaintiff had residual functional capacity ("RFC") to "perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c)" with certain modifications, but could not return to his past employment as a structural iron worker. (R. 67). Finally, relying in part on testimony from a vocational expert ("VE") and on the RFC assessment, ALJ Smiley concluded that jobs existed in significant numbers in the national economy that Plaintiff could still perform, and thus that Plaintiff was not disabled for DIB or SSI purposes. (*See* R. 74).

Plaintiff sought administrative review of that decision, but the Appeals Council denied his request on October 14, 2021, thus rendering ALJ Smiley's non-disability determination a final decision of the Commissioner of Social Security. (*See* R. 1–7). Plaintiff, represented by counsel, then filed the instant action in this Court on December 13, 2021, seeking judicial review of ALJ Smiley's determination pursuant to 42 U.S.C. § 405(g). (*See* Compl., ECF No. 4). Plaintiff alleges

---

[3] An ALJ "must determine, first, whether the claimant is working; second, whether the alleged impairment is severe; third, whether the impairment meets or equals a listed impairment and hence has a certain level of severity; fourth, whether the claimant can still do past relevant work; and, finally, when considering the claimant's age, education, work experience, and residual functional capacity, whether the claimant can do other work." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010) (citing *Germany-Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 774 (6th Cir. 2008)); 20 C.F.R. § 404.1520(a)(4)(i-v)).

that the VE's testimony was inconsistent with data compiled by the U.S. Bureau of Labor Statistics ("BLS"), and thus that the ALJ's determination, which relied in part upon that testimony, lacked substantial evidence; Plaintiff also argues that his claim warrants remand pursuant to section six of § 405(g) because of new and material evidence. (*See* Statement of Specific Errors at 6–15, ECF No. 11). On June 7, 2022, Magistrate Judge Vascura issued a Report and Recommendation, in which she recommended that this Court affirm the Commissioner's decision and overrule Plaintiff's Statement of Specific Errors. (*See* R. & R., ECF No. 15). Plaintiff timely objected. This matter is now ripe for review.

## II. STANDARD OF REVIEW

If a party objects within 14 days to the Magistrate Judge's proposed findings and recommendations, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). The district court may "accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions." Fed. R. Civ. P. 72(b). On the other hand, if a party fails to object timely to the magistrate's recommendation, that party waives the right to *de novo* review by the district court of the report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). A party's objection must be specific, identify the issues of contention, and "be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). If a pleader fails to raise specific issues, the district court will consider this to be "a general objection to the entirety of the magistrate report, [which] has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In reviewing the decisions of the Commissioner of Social Security, federal courts are "limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). Substantial evidence constitutes such relevant evidence, looking to the record as a whole, as a reasonable mind might accept as adequate to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). The findings of the Commissioner are not subject to reversal "merely because there exists in the record substantial evidence to support a different conclusion," *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001), or if the Court itself would have arrived at a different conclusion, but must be affirmed as long as the Commissioner's decision is supported by substantial evidence. *See Elkins v. Sec'y of Health & Hum. Servs.*, 658 F.2d 437, 439 (6th Cir. 1981). Additionally, "an ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (internal quotation marks and citation omitted).

### III. LAW & ANALYSIS

Plaintiff's claim centers on occupational data from O*Net, which is an online database of job information compiled by the BLS and other federal agencies and is maintained by the U.S. Department of Labor. (*See* R. & R. at 3 n.2, ECF No. 15). He argues that that data contradicts the testimony of the VE, relied upon by the ALJ at step five of her determination, and that it constitutes new and material evidence warranting remand pursuant to sentence six of 42 U.S.C. § 405(g). (*See* Statement of Specific Errors at 13–15, ECF No. 11). He objects to the Magistrate Judge's conclusion that both allegations lack merit.

4

### A. Reliance on VE Testimony

At step five of the sequential evaluation procedure, an ALJ must consider a claimant's RFC, age, education, and work experience to determine whether the claimant "can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ finds that the claimant can perform "other work" and that positions for the "other work" "exist in significant numbers in the national economy," the ALJ will issue a non-disability determination. *See id*. In making this evaluation, ALJs can consider "'reliable job information' available from various publications," including the Dictionary of Occupational Titles ("DOT"), as well as the testimony of VEs, as evidence about the claimant's ability to perform "other work." (*See* R. & R. at 7, ECF No. 15) (internal citations omitted). But before an ALJ relies on the testimony of a VE, she must first determine whether the testimony conflicts with the DOT, and, if so, "elicit a reasonable explanation for the conflict." (*Id.*) (internal citations omitted).

In this case, ALJ Smiley relied on VE testimony at step five of her non-disability determination. During the hearing on July 14, 2020, at which the VE testified, ALJ Smiley gave Plaintiff an opportunity to ask the VE questions. Based on his comments about his environmental limitations and the ALJ's RFC assessment, the VE testified that Plaintiff would be able to perform jobs like hand packager, machine feeder, and automotive detailer. (*See id.* at 8) (citing R. 104–07). In the national economy, there are roughly 600,000 hand packager jobs, 100,000 machine feeder jobs, and 200,000 automotive detailer jobs. When asked by ALJ Smiley, the VE testified that her testimony was consistent with the DOT. (*Id.*) (citing R. 106, 108). In reliance on this testimony, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004), ALJ Smiley concluded that positions for "other work" that Plaintiff can do exist in significant numbers in the national economy and, therefore, issued a non-disability determination for Plaintiff.

The Magistrate Judge concluded that this determination was supported by substantial evidence, because the ALJ properly relied on the testimony of the VE. *See id.* ("In such a case, the Commissioner may rely on the testimony of a vocational expert to find that the claimant possesses the capacity to perform other substantial gainful activity that exists in the national economy." (internal citations omitted)). The Magistrate Judge also explained how Plaintiff's arguments—that the VE testimony was unreliable because it was inconsistent with occupational data from O*Net; and that the ALJ had a heightened duty to determine the accuracy of the VE testimony because Plaintiff was unrepresented at the hearing—are unavailing. (*See* R. & R. at 9–12). First, with respect to O*Net data, she explained that an ALJ is not required to ask a VE whether her testimony conflicts with O*Net data or require an explanation for any such conflict and that "O*Net [data] in its current from was not suitable for disability claims adjudication." *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 317 (6th Cir. 2020); *see also* 20 C.F.R. § 404.1566(d)(1) (O*Net not listed as a source of "reliable job information"). The Sixth Circuit has explicitly ratified an ALJ's reliance at step five "on evidence such as testimony of a VE and the DOT," as ALJ Smiley did here. *Kyle*, 609 F.3d at 855. Thus, discrepancy with O*Net data does not, on its own, render testimony from a VE unreliable.

Second, the Magistrate Judge noted that the caselaw does not support Plaintiff's contention that ALJs bear a heightened duty to investigate the accuracy of VE testimony where the claimant is unrepresented and thus unable to cross-examine effectively the VE on her own. (*See* R. & R. at 11, ECF No. 15) (citing *O'Neal*, 799 F. App'x at 318; *King v. Comm'r of Soc. Sec.*, No. 20-3276, 2020 WL 8772400, at *7 (6th Cir. Nov. 25, 2020)). In particular, the internal rules requiring an ALJ to ask a VE if her testimony conflicts with the DOT do not institute additional requirements for hearings involving a claimant who is proceeding without the assistance of counsel or

6

representation. *See generally*, Policy Interpretation Ruling, S.S.A. 00-4P, 2000 WL 1898704 (S.S.A. Dec. 4, 2000). Moreover, even if the VE's estimate of the number of available jobs in the national economy were revised downward (for example, by the 90% that Plaintiff suggests for the 599,700 hand packager positions), there would still be enough positions available to constitute a "significant" number of jobs. (*See* R. & R. at 12, ECF No. 15).

Plaintiff objects to both aspects of the Magistrate Judge's findings; neither of his objections, however, has merit. Plaintiff first argues that the ALJ had a heightened duty to explore all relevant facts because he was unrepresented at the hearing. (*See* Obj. at 2, ECF No. 16) (citing *Lashley v. Sec'y of Health and Hum. Servs.*, 708 F.2d 1048, 1051–52 (6th Cir. 1983)). But Plaintiff provides no caselaw, regulations, or internal SSA guidance documents dictating that this "heightened duty" asks the ALJ do more than what is legally required, and determine not only whether the VE testimony is consistent with the DOT but also whether the testimony is consistent with O*Net data—especially where O*Net data has been deemed unsuitable for use in disability claim adjudication by the SSA. *See O'Neal*, 799 F. App'x at 317. Nor is there any indication that such additional questioning is necessary to satisfy the requirements of a "full and fair hearing."

Next, Plaintiff repeats his previous argument that the VE testimony over-estimated the number of available jobs in the national economy because the VE failed to take into account all of Plaintiff's limitations. (*See* Obj. at 3–4, ECF No. 16). The Magistrate Judge noted that, even if the 599,700 hand packager jobs identified by the VE were reduced by 90% (because O*Net data indicates that 90% of hand packager positions requires contact with others at least half the time, which Plaintiff cannot do), there would still be 59,790 jobs available. (*See* R. & R. at 11–12, ECF No. 15). Plaintiff points out that O*Net data also shows that *inter alia* 87% of hand packager positions require an individual to work with a group or in a team and 82% include duties involving

7

coordination with others; he argues that, as these requirements are also inconsistent with his RFC, accounting for these additional limitations will decrease the number of jobs even further below 57,970. (*See* Obj. at 3–4, ECF No. 16).

But the survey data on O*Net does not indicate that these limitations are unrelated categories, each of which implicates a different subset of hand packagers; for example, a hand packager, who reports that she works in a team, will likely also report that her job requires contact and coordination with others. (*See* Pl.'s Ex. A, ECF No. 11-1). In short, these categories likely share a great deal of overlap. Thus, it is not the case that, to account for Plaintiff's limitations, the total number of hand packager jobs must be reduced by 90% for contact with others, then a further 87% for working in a group, and so on. Ultimately, Plaintiff has not provided any evidence that, once all of his limitations are accounted for, the number of hand packager positions (or other jobs identified by the VE) will be so low as to no longer exist in "significant" numbers in the national economy. *See Taskila v. Comm'r v. Soc. Sec.*, 819 F.3d 902, 904 (6th Cir. 2016) ("Six thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant.'" (collecting cases)); *see also Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988).

As Plaintiff has not shown that the ALJ erred in relying on the VE testimony after first checking that the testimony was consistent with the DOT, the Court concludes that the ALJ's non-disability determination was supported by substantial evidence.

### B. New and Material Evidence

In the alternative, Plaintiff asserts that the occupational data from O*Net constitutes new and material evidence that warrants a sentence-six remand. (Pl.'s Statement of Specific Errors at 13–15, ECF No. 11). Pursuant to sentence six of 42 U.S.C. § 405(g), a final decision of the Commissioner can be remanded on judicial review for further administrative proceedings without

ruling on the merits where the claimant has shown that "there is new evidence which is material" and "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). This is a conjunctive test; Plaintiff must prove both elements to warrant remand.

The Magistrate Judge concluded that the O*Net data was neither new, since it has been in existence since at least 2010, nor material, since it fails to demonstrate that there are not significant numbers of the jobs that the VE identified, and—more importantly—that Plaintiff had not demonstrated good cause for failing to raise the O*Net data during the administrative process. (*See* R. & R. at 13–14, ECF No. 15). Specifically, she noted that, though Plaintiff was without representation at the July 14, 2020, hearing before ALJ Smiley, he retained counsel shortly after the hearing but still did not submit the O*Net data to the Appeals Council on review, despite being granted additional time to provide evidence. (*Id.*) (citing R. 2, 43–55).

Plaintiff objects, arguing that the data was new, because it was unavailable to him at the time of the hearing, and material, because it reveals inconsistencies in the VE's testimony. (*See* Obj. at 5, ECF No. 16) (quoting *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010)). He also argues that the good cause standard is met, because "even if the data had been submitted at to [sic] the Appeals Council, the same standard [Plaintiff] is advocating for now would have been used by the Appeals Council. Therefore, this detail is immaterial." (*Id.* at 6). But this is inaccurate: "the Appeals Council is not required to find good cause in order to consider new evidence." *Cline*, 96 F.3d at 149; *see also* 20 C.F.R. § 404.970(b). It is unclear, moreover, why the application of the "good cause" standard by the Council would render Plaintiff's omission "immaterial" or why his failure to present the data to the Council is "immaterial."

9

To show "good cause," a claimant must identify the obstacles preventing her submission of the new and material evidence during the administrative proceedings—including the review by the Appeals Council. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 485 (6th Cir. 2006) (finding that the claimant had not demonstrated "good cause" where she initially proceeded *pro se* but "was represented by counsel by the time the matter reached the Appeals Council"); *cf. Jones v. Sullivan*, 949 F.2d 57, 61 (2d Cir. 1991) (noting that the *pro se* status of a claimant is not enough on its own to support a "good cause" finding). Here, Plaintiff had an opportunity, while represented by counsel, to provide the O*Net data during the administrative proceeding; his counsel asked the Appeals Council for an extension of time to provide evidence, was granted the extension, and in fact provided some evidence pursuant to that extension. (*See* R. 2). He did not, however, take this opportunity to submit the O*Net data. As such, the "good cause" standard is not met, *see Hollon ex rel. Hollon*, 447 F.3d at 485, and thus a sentence-six remand is not warranted. Because Plaintiff "has failed to satisfy the 'good cause' test of section 405(g), [the Court] do[es] not decide the question of whether [the O*Net data] constituted new and material evidence." *Willis*, 727 F.2d at 554.

## IV.     CONCLUSION

For the reasons stated herein, Plaintiff's Objection (ECF No. 16) are **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 15) and **AFFIRMS** the decision of the Commissioner. This case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 30, 2023**